UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:15-CR-207 (3) |
| | § | |
| LAPATRICK ALLISON | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant LaPatrick Allison's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). (Dkt. #537). The Government has not filed a response in opposition. Having considered the record and the applicable law, the Court **DENIES** Allison's motion.

## I. Background

Allison pleaded guilty to Conspiracy to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. (Dkt. #180 ¶ 3). As part of his plea, Allison admitted that he knowingly and intentionally possessed, with the intent to distribute and dispense at least 15 kilograms but less than 50 kilograms of a mixture of substance containing a detectable amount of cocaine. (Dkt. #180 ¶ 3). The Court sentenced Allison to 151 months of imprisonment followed by a 5-year term of supervised release. (Dkt. #372). Allison's projected release date is March 23, 2028.

## II. Legal standard

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under the statute, the Court may "reduce the term of imprisonment" and

"impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id*. The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024) (quotation omitted).

Because all three requirements must be met, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the [§] 3553(a) factors can independently support its judgment." *Id*. at *2 (quotation omitted). The sentencing factors under 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed
>     (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)   to afford adequate deterrence to criminal conduct;
>     (C)   to protect the public from further crimes of the defendant; and
>     (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). District courts have broad discretion in considering these factors. As the Supreme Court has observed, "the 'sentencing judge is in a superior position

2

to find facts and judge their import under § 3553(a) in the individual case[.]'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (*quoting Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)).

In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

### III. DISCUSSION

Section 3582(c)(1)(A) imposes an exhaustion requirement for compassionate-release requests made by a defendant: they must "fully exhaust[ ] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" But this requirement may be waived. *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022). Because the Government did not respond to Allison's motion, let alone raise this argument in response to it, that argument is deemed waived. Allison is therefore presumed to have exhausted his administrative remedies.

Turning to the Motion itself, Allison requests compassionate release but fails to identify any circumstances, let alone extraordinary and compelling circumstances, justifying such relief. Allison has thus failed to prove that extraordinary and compelling reasons support his requested sentence reduction.

Setting the sentencing guidelines aside, the Court independently finds that the sentencing factors under 18 U.S.C. § 3553(a) support denying Allison's motion.

*Rollins*, 53 F.4th at 359. Allison's offense entailed his participation in a drug trafficking organization that transported and distributed cocaine, methamphetamine, heroin, and marijuana from Mexico to the United States on behalf of the Sinaloa drug cartel. Allison's role in this organization was to supply coconspirators with kilogram quantities of cocaine from various sources for distribution to others in the Eastern District of Texas. Allison did not accept responsibility for his offense and violated the conditions of his pretrial release by using drugs and failing to submit to drug testing. Allison also has an extensive criminal history, including prior convictions for theft of property, possession of marijuana, driving with a suspended license, assault/family violence, and resisting arrest. Granting Allison's request would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment. Nor would granting Allison's request adequately deter future criminal conduct or protect the public.

Because Allison has failed to show that there are extraordinary and compelling reasons to reduce his sentence, his motion must be denied. Even if Allison had made that showing, the Court would still find that his motion must be denied after weighing the sentencing factors of 18 U.S.C. § 3553(a).

### IV. CONCLUSION

For the foregoing reasons, Defendant LaPatrick Allison's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), (Dkt. #537), is **DENIED**.

**So ORDERED and SIGNED this 2nd day of October, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE